# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAP-XX, LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. NO. 19-1733 (CFC) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| MAXWELL TECHNOLOGIES, INC., | ) |
| | ) |
| Defendant. | ) |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff CAP-XX, Ltd. ("CAP-XX") for its first amended complaint against Defendant Maxwell Technologies, Inc. ("Maxwell") avers that:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §1 *et seq.*, specifically including 35 U.S.C. §271.

### THE PARTIES

2. Plaintiff CAP-XX, Ltd. is an Australian company with a principal place of business at Unit 9, 12 Mars Road, Lane Cove, NSW, 2066, Australia.

3. Defendant Maxwell Technologies, Inc. ("Maxwell") is a company organized under the laws of the Delaware with a principal place of business at 3888 Calle Fortunada, San Diego, CA, 92123.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§1331 and 1338(a).

5. Venue lies in this judicial district pursuant to 28 U.S.C. §§1391(b), 1391(c) and/or 1400(b) at least because Maxwell resides in this judicial district by virtue of being incorporated in the State of Delaware. Maxwell is likewise subject to personal jurisdiction in Delaware because it is incorporated therein.

## THE PATENTS-IN-SUIT

6. U.S. Patent No. 6,920,034 ("the '034 Patent"), titled "Charge Storage Device," was issued by the U.S. Patent and Trademark Office ("USPTO) on July 19, 2005. A true and correct copy of the '034 Patent is attached hereto as Exhibit A.

7. U.S. Patent No. 7,382,600 ("the '600 Patent"), titled "Charge Storage Device," was issued by the USPTO on June 3, 2008. A true and correct copy of the '600 Patent is attached hereto as Exhibit B.

8. The '034 Patent and '600 Patent are referred to herein collectively as the Patents-in-Suit. The inventions described and claimed therein were developed for use with electrochemical charge storage devices, commonly referred to as supercapacitors. Such capacitors may also be referred to as ultra-capacitors, electric double layer capacitors, and electrochemical capacitors. The Patents-in-

Suit claim charge storage devices with certain features, as discussed further below, that were novel and patentable improvements over the existing devices known in that field of technology in December 1998, when the provisional application for the Patents-in-Suit was filed.

9. CAP-XX owns all rights, title and interests in the Patents-in-Suit.

## FACTS

10. CAP-XX has been developing electronic devices, including supercapacitors, for the past few decades. It has distributed and sold those products in the United States and elsewhere in the world during that period. Its supercapacitors are commonly used in wireless applications, such as, wireless sensor networks, personal digital assistant devices, mobile phones, and compact flash products; and in consumer product applications, such as, eBooks, toys, digital music players, notebook PCs, and digital still cameras. It has also offered supercapacitors for sale in connection with automotive, medical device, metering, and industrial handheld terminal applications.

11. Maxwell has been making, selling, offering for sale, and/or importing products into the United States that infringe the Patents-in-Suit, as discussed in further detail below. On or about September 12, 2017, CAP-XX provided Maxwell actual notice of its infringement of the Patents-in-Suit, explained that the claims of those patents cover at least its supercapacitor with the part number

BCAP3000 P270 K04, and offered to license to Maxwell the Patents-in-Suit. Maxwell refused to license those patents and, on information and belief, continued with its infringing activities.

12. At all pertinent times since September 2017, Maxwell had actual knowledge of the Patents-in-Suit; it had knowledge that it makes, uses, sells, offers for sale, and/or imports products that infringe those patents; and it encouraged others to infringe those patents through its activities.

13. On information and belief, Maxwell's actions, alone and in conjunction with others, constitute a willful infringement of the Patents-in-Suit and exceptional circumstances pursuant to 35 U.S.C. §§ 284 and 285. Such activities warrant this Court awarding Plaintiff damages, enhanced damages up to three times the amount of any damages awarded, attorney's fees, costs, and other remedies available in law or equity.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,920,034**

14. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 13 above.

15. The '034 Patent is generally directed to charge storage devices, namely supercapacitors. *See* Exhibit A, '034 Patent, 1:11–20.

16. On information and belief, Maxwell has infringed and continues to infringe one or more claims of the '034 Patent, either literally or under the doctrine

4

of equivalents. Non-limiting examples of such infringement are provided below, based on the limited information currently available to Plaintiff.

    17.    Claim 1 of the '034 Patent recites as follows:

A charge storage device comprising:

a charge storage cell including:

(a) a first electrode;

(b) a second electrode being opposed to and spaced apart from the first electrode; and

(c) a porous separator disposed between the electrodes;

a sealed package for containing the cell and an electrolyte in which the cell is immersed; and

at least two terminals extending from the package to allow external electrical connection to the cell, wherein the volumetric FOM (Figure of Merit) of the device is greater than about 3.2 Watts/cm$^3$ and the maximum operating voltage of the cell is less than about 4 Volts.

*See* Exhibit A,'034 Patent, 31:27-40.

    18.    Claim 51 of the '034 Patent recites as follows:

A charge storage device comprising:

a charge storage cell including:

(a) a first electrode;

5

(b) a second electrode being opposed to and spaced apart from the first electrode; and

(c) a porous separator disposed between the electrodes;

a sealed package for containing the cell and an electrolyte in which the cell is immersed; and

at least two terminals that extend from the package to allow external electrical connection to the respective electrodes, wherein the gravimetric FOM (Figure of Merit) of the device is greater than about 2.1 Watts/gram and the maximum operating voltage of the cell is less than about 4 Volts.

*See* Exhibit A, '034 Patent, 34:11-24.

19. CAP-XX acquired and evaluated the following Maxwell products: BCAP0003 P270 S01, BCAP0010 P270 S01, BCAP0025 P270 S01, BCAP0310 P270 T10, BCAP0350 E270 T11, BCAP0650 P270 K04, BCAP3000 P270 K04, BCAP0005 P270 S01, BCAP0050 P270 S01, and BCAP0100 P270 S07, and evaluated pertinent Maxwell product literature, to determine that the above products satisfy each and every limitation of at least Claims 1 and 51 of the '034 Patent. Each of those Maxwell products is a charge storage device with at least one storage cell comprised of at least two electrodes with a porous separator between them. The storage cell is contained within a sealed package containing an electrolyte in which the cell is immersed. That package has two terminals

6

extending therefrom to provide for an electrical connection to the cell. Each has a maximum operating voltage of less than 4 Volts; the volumetric FOM, measured and calculated by CAP-XX in the manner set forth in the '034 Patent, of each device is greater than 3.2 Watts/cm$^3$; and the gravimetric FOM, measured and calculated by CAP-XX in the manner set forth in the'034 Patent, of each device is greater than 2.1 Watts/gram. In addition, based on its evaluation of the above referenced Maxwell products and pertinent literature, CAP-XX has determined that one or more of them likely infringe at least claims 2, 5, 12, 13, 14, 15, 16, 17, 21, 22, 23, 42, 52, 53, 54, 55, 56, 61, and 62 of the '034 patent. The referenced Maxwell products may be sold as a standalone product or as a component of another product, like a module or more complex system, all of which infringe the referenced claims of the '034 Patent.

20.   Claim 13 of the '034 Patent recites as follows:

A charge storage device including:

a charge storage cell including:

(a) a first electrode having a first layer including a carbon having a surface area greater than 400 m$^2$/gram;

(b) a second electrode having a second layer including a carbon having a surface area greater than 400 m$^2$/gram; and

(c) a porous separator disposed between the electrodes;

a sealed package for containing the cell and an organic electrolyte in which the cell is immersed, wherein the first and second layers are opposed and spaced apart; and

at least two terminals that extend from the package to allow external electrical connection to the cell, wherein the volumetric FOM (Figure of Merit) of the device is greater than about 1.1 Watts/cm$^3$ and the maximum operating voltage of the cell is less than about 4 Volts.

*See* Exhibit A,'034 Patent, 31:62-32:14.

21. CAP-XX acquired and evaluated the following Maxwell products: BCAP0003 P270 S01, BCAP0010 P270 S01, BCAP0001 P270 T01, BCAP0025 P270 S01, BCAP0100 P270 T01, BCAP0150 P270 T07, BCAP0310 P270 T10, BCAP0350 E270 T11, BCAP0650 P270 K04, BCAP3000 P270 K04, BCAP0005 P270 S01, BCAP0050 P270 S01, BCAP0100 P270 S07, BCAP0360 P270 S18, and BCAP0005 P270 T01, and evaluated pertinent Maxwell product literature, to determine that each of the above products satisfies each and every limitation of at least Claim 13 of the '034 Patent.  Each of those devices is a charge storage device with at least one storage cell comprised of at least two electrodes with a porous separator between them.  On information and belief, each of those electrodes includes a layer which including a carbon having a surface area greater than 400 m$^2$/gram.  The storage cell is contained within a sealed package containing an

8

electrolyte in which the cell is immersed. That package has two terminals extending therefrom to provide for an electrical connection to the cell. Each device has a maximum operating voltage of less than 4 Volts; and the volumetric FOM, measured and calculated by CAP-XX in the manner set forth in the '034 Patent, of each device is greater than 1.1 Watts/cm$^3$. In addition, based on its evaluation of the above referenced Maxwell products and pertinent literature, CAP-XX has also determined that one or more of them likely infringe at least claims 13, 14, 15, 16, 17, 21 and 22 of the '034 patent. The referenced Maxwell products may be sold as a standalone product or as a component of another product, like a module or more complex system, all of which infringe the referenced claims of the '034 Patent.

22.   The above allegations do not likely provide an exhaustive list of all Maxwell products that infringe one or more of the referenced claims of the '034 Patent. CAP-XX has analyzed and tested several Maxwell products, as referenced above, to assess whether they infringe one or more claims of the Patents-in-Suit. CAP-XX anticipates that as it obtains and tests other Maxwell products during discovery in this case, it will likely identify other Maxwell products that are covered by at least one of the referenced claims of the '034 Patent, including without limitation the following Maxwell products: BCAP0003 P270 S12, BCAP0010 P270 S12, BCAP0022 P270 T01, BCAP0025 P270 S12, BCAP0325

9

P270 S17, BCAP0350 E270 T13, BCAP0650 P270 K05, BCAP1200 P270 K04, BCAP1200 P270 K05, BCAP1500 P270 K04, BCAP1500 P270 K05, BCAP2000 P270 K04, BCAP2000 P270 K05, BCAP0003 P270 X01, BCAP0005 P270 X01, BCAP0010 P270 X01, BCAP0025 P270 X01, BCAP0050 P270 X01, BCAP0003 P300 X11, BCAP0003 P300 X12, BCAP0005 P300 X11, BCAP0010 P300 X11, BCAP0010 P300 X12, BCAP0025 P300 X11, BCAP0025 P300 X12, BCAP0050 P300 X11, BCAP 3000 P270 K05, BCAP 3400 P270 K04, BCAP 3400 P270 K05, BCAP 3400 P285 K04, BCAP 3400 P285 K05, BCAP 3400 P300 K04, BCAP 3400 P300 K05, BMOD0001 P005 B02, BMOD0002 P005 B02, BMOD0058 E016 B02, BMOD0500 P016 B01, BMOD0500 P016 B02, ESM ULTRA 31/1800, ULTRA 31/900/24V, ULTRA 31/1100/24V, GEN 31-0900-12V-2T, GEN 31-1800-12V-2T, GEN 31-0900-24V-2T, GEN 31-0980-24V-2T, BMOD0165 P048 C01, BMOD0083 P048 B01, BMOD0165 P048 BXX,CXX, BMOD0130 P056 B03 56V, BMOD0094 P075 B02, BMOD0010 P090 B02, BMOD0010 P090 C02, BMOD0063 P125 B04, BMOD0063 P125 B08, BMOD0006 E160 B02, BMOD0006 E160 C02, and BMOD0004 P240 B02 (collectively, the "Other Likely Infringing Products").

23. In view of the foregoing, Maxwell has infringed and continues to infringe the '034 Patent in violation of 35 U.S.C. §271(a).

24. Plaintiff has no adequate remedy at law for Maxwell's acts of infringement. As a direct and proximate result of Maxwell's acts of infringement, Plaintiff has suffered and continues to suffer damages and irreparable harm. Unless Maxwell's acts of infringement are enjoined by this Court, Plaintiff will continue to be damaged and irreparably harmed.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,382,600

25. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 24 above.

26. The '600 Patent is generally directed to charge storage devices, namely supercapacitors. *See* Exhibit B, '600 Patent, 1:16-25.

27. On information and belief, Maxwell has infringed and continues to infringe one or more claims of the '600 Patent, either literally or under the doctrine of equivalents. Non-limiting examples of such infringement are provided below, based on the limited information currently available to Plaintiff.

28. Claim 1 of the '600 Patent recites as follows:

A charge storage device comprising:

a first electrode;

a second electrode being opposed to and spaced apart from the first electrode;

a porous separator disposed between the electrodes;

> a sealed package for containing the electrodes, the separator and an electrolyte in which the electrodes are immersed; and
>
> a first terminal and a second terminal being electrically connected to the first electrode and the second electrode respectively and both extending from the package to allow external electrical connection to the respective electrodes, wherein the gravimetric FOM of the device is greater than about 2.1 Watts/gram.

*See* Exhibit B, '600 Patent, 31:2-15.

29. CAP-XX acquired and evaluated the following Maxwell products: BCAP0003 P270 S01, BCAP0010 P270 S01, BCAP0025 P270 S01, BCAP0150 P270 T07, BCAP0310 P270 T10, BCAP0350 E270 T11, BCAP0650 P270 K04, BCAP3000 P270 K04, BCAP0005 P270 S01, BCAP0050 P270 S01, BCAP0100 P270 S07, BCAP0360 P270 S18, and BCAP0005 P270 T01 satisfies each and every limitation of at least Claim 1 of the '600 Patent. Each of those devices is a charge storage device with at least one storage cell comprised of at least two electrodes with a porous separator between them. The storage cell is contained within a sealed package containing an electrolyte in which the cell is immersed. That package has two terminals extending therefrom to provide for an electrical connection to the cell. The gravimetric FOM, measured and calculated by CAP-XX in the manner set forth in the '034 Patent, of each device is greater than 2.1

Watts/gram. In addition, based on its evaluation of the above referenced Maxwell products and pertinent literature, CAP-XX has also determined that one or more of them likely infringe at least claims 2, 6, 7, 8, 11, 12 and 13 of the '600 Patent. The referenced Maxwell products may be sold as a standalone product or as a component of another product, like a module or more complex system, all of which infringe the referenced claims of the '600 Patent.

30. The above allegations do not likely provide an exhaustive list of all Maxwell products that infringe one or more of the referenced claims of the '600 Patent. CAP-XX has analyzed and tested several Maxwell products, as referenced above, to assess whether they infringe one or more claims of the Patents-in-Suit. CAP-XX anticipates that as it obtains and tests other Maxwell products during discovery in this case, it will likely identify other Maxwell products that are covered by at least one of the referenced claims of the '600 Patent, including without limitation the above referenced Other Likely Infringing Products.

31. In view of the foregoing, Maxwell has infringed and continues to infringe the '600 Patent in violation of 35 U.S.C. §271(a).

32. Plaintiff has no adequate remedy at law for Maxwell's acts of infringement. As a direct and proximate result of Maxwell's acts of infringement, Plaintiff has suffered and continues to suffer damages and irreparable harm. Unless

Maxwell's acts of infringement are enjoined by this Court, Plaintiff will continue to be damaged and irreparably harmed.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all matters so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief as follows:

a. A finding that Maxwell has infringed the Patents-in-Suit;

b. An award of damages pursuant to 35 U.S.C. §284 adequate to compensate Plaintiff for Maxwell's infringement of the Patents-in-Suit, including both pre- and post-judgment interest, and costs as fixed by the Court;

c. A preliminary and/or permanent injunction against Maxwell and its officers, agents, servants, employees, and representatives, and all others in active concert or participation with them, from further infringing the Patents-in-Suit;

d. A finding that Maxwell's infringement of the Patents-in-Suit has been willful, and a corresponding award of enhanced damages for Plaintiff in an amount of three times the damages awarded pursuant to 35 U.S.C. §284;

e. A declaration that this is an exceptional case within the meaning of 35 U.S.C. §285, and a corresponding award of Plaintiff's reasonable attorney's fees incurred in connection with the litigation; and

    f.    Any additional and further relief the Court may deem just and proper under the circumstances.

|  |  |
|---|---|
|  | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: |  |
| Jason P. Mueller<br>Michelle Chatelain Fullmer<br>ADAMS AND REESE LLP<br>701 Poydras St., Ste. 4500<br>New Orleans, LA 70139<br>(504) 581-3234 | By: */s/ Philip A. Rovner*<br>    Philip A. Rovner (#3215)<br>    Jonathan A. Choa (#5319)<br>    Hercules Plaza<br>    P.O. Box 951<br>    Wilmington, DE 19899<br>    (302) 984-6000<br>    provner@potteranderson.com<br>    jchoa@potteranderson.com |
| Chris P. Perque<br>ADAMS AND REESE LLP<br>1221 McKinney St., Ste. 4400<br>Houston, TX 77010<br>(713) 308-0167 | *Attorneys for Plaintiff*<br>*CAP-XX, Ltd.* |
| Maia T. Woodhouse<br>ADAMS AND REESE LLP<br>Fifth Third Center<br>424 Church Street, Suite 2700<br>Nashville, TN 37219<br>(615) 259-1085 |  |

Dated: December 2, 2019