IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CAP-XX, LTD.

Plaintiff,

v.

MAXWELL TECHNOLOGIES,
INC.

Defendant.

Civil Action No. 19-1733-CFC

---

## MEMORANDUM ORDER

Plaintiff CAP-XX, Ltd. has sued Defendant Maxwell Technologies, Inc. for

infringement of U.S. Patent Nos. 6,920,034 (the #034 patent) and 7,382,600 (the

#600 patent). D.I. 10 at 4, 11. Before me is Maxwell's motion to dismiss the First

Amended Complaint for failure to state a claim under Federal Rule of Civil

Procedure 12(b)(6). D.I. 11. For the reasons discussed below, I will deny

Maxwell's motion.

### I.      BACKGROUND[1]

CAP-XX alleges in the First Amended Complaint that it has "acquired and

---

[1] When assessing the merits of a Rule 12(b)(6) motion to dismiss, I accept as true
all factual allegations in the First Amended Complaint and view those facts in the
light most favorable to the plaintiff. *See Umland v. PLANCO Fin. Servs.*, 542 F.3d
59, 64 (3d Cir. 2008).

evaluated the following Maxwell products: BCAP0003 P270 S01, BCAP0010 P270 S01, BCAP0025 P270 S01, BCAP0310 P270 T10, BCAP0350 E270 T11, BCAP0650 P270 K04, BCAP3000 P270 K04, BCAP0005 P270 S01, BCAP0050 P270 S01, and BCAP0100 P270 S07, and evaluated pertinent Maxwell product literature, to determine that the above products satisfy each and every limitation of at least Claims 1 and 51 of the [#]034 patent." D.I. 10 ¶ 19.  CAP-XX makes the same allegations—with some differences in the named products—for claim 13 of the #034 patent and claim 1 of the #600 patent.  D.I. 10 ¶¶ 21, 29.

The above-mentioned asserted claims all recite "charge storage devices" with certain physical characteristics, including volumetric or gravimetric Figure of Merit (FOM) ranges.  For example, claim 1 of the #034 Patent requires that "the volumetric FOM (Figure of Merit) of the device is greater than about 3.2 Watts/cm$^3$." #034 patent at claim 1 (31:37–39).  As to the FOM limitations, CAP-XX alleges that each named product's "volumetric [or gravimetric] FOM, measured and calculated by CAP-XX in the manner set forth in the [#]034 Patent, . . . is equal to [the FOM value in the respective asserted claim]." D.I. 10 ¶¶ 19, 21, 29.

CAP-XX further alleges that "based on its evaluation of the above referenced Maxwell products and pertinent literature, CAP-XX has also determined that one or more of them likely infringe at least claims" 2, 5, 12–17,

2

21–23, 42, 52–56, and 61–62 of the #034 patent, D.I. 10 ¶¶ 19, 21, and claims 2, 6, 7, 8, 11, 12, and 13 of the #600 Patent, D.I. 10 ¶ 29.

## II.    LEGAL STANDARDS

### A.    Rule 12(b)(6)

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but the complaint must include more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  The complaint must set forth enough facts, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

### B.    Direct Infringement

Liability for direct infringement arises when a party "without authority makes, uses, offers to sell, or sells any patented invention, within the United States

or imports into the United States any patented invention during the term of the patent." 35 U.S.C. § 271(a). To plead direct infringement, a plaintiff must allege facts "that plausibly indicate that the accused products contain each of the limitations found in the claim." *TMI Sols. LLC v. Bath & Body Works Direct, Inc.*, 2018 WL 4660370, at *9 (D. Del. Sept. 28, 2018) (citations omitted).

A plaintiff, however, "need not prove its case at the pleading stage." *Nalco Co. v. Chem–Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (internal quotation marks and citation omitted). The complaint must simply "place the potential infringer on notice of what activity is being accused of infringement." *Id.*

## III.   DISCUSSION

In its motion to dismiss, Maxwell makes two arguments: (1) as to claims 1, 13, and 51 of the #034 patent and claim 1 of the #600 patent, Maxwell argues that CAP-XX "does not plausibly allege how Maxwell's products satisfy the 'volumetric FOM' limitations or the 'gravimetric FOM' limitations," D.I. 11 at 5; and (2) as to the additional asserted claims, Maxwell argues that "CAP-XX fails to allege anything further" and "certainly alleges no facts plausibly establishing that any accused Maxwell product meets the limitations of these additional claims," D.I. 11 at 8. I disagree with both arguments.

With respect to the first argument, I find that CAP-XX has pleaded facts plausibly establishing that the accused devices meet the claimed FOM values.

4

CAP-XX alleges in its complaint that it has obtained, analyzed, and tested specifically named Maxwell products "to assess whether they infringe one or more claims of the [asserted patents]." D.I. 10 ¶¶ 22, 30. And CAP-XX asserts that for each accused Maxwell product, it has "measured and calculated [the volumetric or gravimetric FOM value] in the manner set forth in the [#]034 [p]atent," and found that those values meet the claimed values. D.I. 10 ¶¶ 19, 21, 29. CAP-XX thus accuses specific Maxwell products by name; alleges that it has obtained, analyzed, and tested those products; and alleges that such testing revealed that the products' volumetric and gravimetric FOMs meet the claimed values. Those allegations "suffice to raise a reasonable expectation that discovery will reveal evidence [that the products meet the FOM limitations] and to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011) (internal quotation marks, alterations, and citations omitted).

I thus find that—after accepting as true CAP-XX's factual allegations and viewing those facts in the light most favorable to CAP-XX—CAP-XX has plausibly alleged direct infringement of claims 1, 13, and 51 of the #034 patent and claim 1 of the #600 patent.

As to Maxwell's second argument, Maxwell concedes that exemplary pleadings are sufficient "if the plaintiff has pleaded facts that plausibly indicate

5

that the accused products practice each of the limitations found in at least one exemplary claim of each asserted patent." D.I. 14 at 9 (citation omitted). And here, as explained above, CAP-XX has plausibly alleged that Maxwell directly infringes exemplary claims of each asserted patent: claims 1, 13, and 51 of the #034 patent and claim 1 of the #600 patent. Accordingly, CAP-XX has alleged facts that plausibly establish that an accused Maxwell product meets the limitations of the additional claims. And therefore it has stated a claim for infringement of the additional claims of the #034 and #600 patents.

## IV.   CONCLUSION

For the foregoing reasons, I will deny Maxwell's motion to dismiss CAP-XX's First Amended Complaint.

\* \* \*

Wherefore, in Wilmington, this Third day of June in 2020, **IT IS HEREBY ORDERED** that Defendant Maxwell Technologies, Inc.'s Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) (D.I. 11) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE

6