**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CAP-XX, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-1733 (CFC) |
| | ) | |
| MAXWELL TECHNOLOGIES, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

**<u>PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS</u>**

Plaintiff Cap-XX, LTD., ("**Plaintiff**" or "**CAP-XX**") hereby answers Defendant Maxwell Technologies, Inc.'s ("**Defendant**") counterclaims and avers as follows. Plaintiff denies any factual allegations in Defendant's Counter-claims not otherwise expressly denied.

1. Plaintiff admits the allegations in Defendant's Counterclaims, paragraph 1.

2. Plaintiff admits the allegations in Defendant's Counterclaims, paragraph 2.

3. Defendant's Counterclaims, paragraph 3 is a statement of law to which no response is required. To the extent this paragraph contains any factual allegations to which Plaintiff must respond, Plaintiff denies them.

4. Defendant's Counterclaims, paragraph 4 is a statement of law to which no response is required. To the extent this paragraph contains any factual allegations to which Plaintiff must respond, Plaintiff denies them.

5. Plaintiff admits the allegations in Defendant's Counterclaims, paragraph 5.

6. Plaintiff admits the allegations in Defendant's Counterclaims, paragraph 6.

7. Plaintiff admits the allegations in Defendant's Counterclaims, paragraph 7.

8. In response to Defendant's Counterclaims, paragraph 8, Plaintiff acknowledges Defendant's allegations regarding infringement of the Patents-in-Suit but denies that Defendants have not infringed the Patents-in-Suit.

9. In response to Defendant's Counterclaims, paragraph 9, Plaintiff acknowledges Defendant's allegations regarding the validity of the Patents-in-Suit but denies that any claims of the Patents-in-Suit are invalid.

10. Plaintiff admits the allegations in Defendant's Counterclaims, paragraph 10.

11. In response to Defendant's Counterclaims, paragraph 11, Plaintiff incorporates its responses above to Defendant's Counterclaims, paragraphs 1-10.

12. Plaintiff denies the allegations in Defendant's Counterclaims, paragraph 12.

13. Plaintiff denies the allegations in Defendant's Counterclaims, paragraph 13.

14. In response to Defendant's Counterclaims, paragraph 14, Plaintiff incorporates its responses above to Defendant's Counterclaims, paragraphs 1-13.

15. Plaintiff denies the allegations in Defendant's Counterclaims, paragraph 15.

16. Plaintiff denies the allegations in Defendant's Counterclaims, paragraph 16.

17. In response to Defendant's Counterclaims, paragraph 17, Plaintiff incorporates its responses above to Defendant's Counterclaims, paragraphs 1-16.

18. Plaintiff denies the allegations in Defendant's Counterclaims, paragraph 18.

19. Plaintiff denies the allegations in Defendant's Counterclaims, paragraph 19.

20. In response to Defendant's Counterclaims, paragraph 20, Plaintiff incorporates its responses above to Defendant's Counterclaims, paragraphs 1-19.

21. Plaintiff denies the allegations in Defendant's Counterclaims, paragraph 21.

22. Plaintiff denies the allegations in Defendant's Counterclaims, paragraph 22.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all matters so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief as follows:

a. Dismissal of Defendant's Counterclaims with prejudice;

b. A finding that Defendant has infringed the Patents-in-Suit;

c. An award of damages pursuant to 35 U.S.C. §284 adequate to compensate Plaintiff for Defendant's infringement of the Patents-in-Suit, including both pre- and post-judgment interest, and costs as fixed by the Court;

d. A finding that Defendant's infringement of the Patents-in-Suit has been willful, and a corresponding award of enhanced damages for Plaintiff in an amount of three times the damages awarded pursuant to 35 U.S.C. §284;

e. A declaration that this is an exceptional case within the meaning of 35 U.S.C. §285, and a corresponding award of Plaintiff's reasonable attorney's fees incurred in connection with the litigation; and

f. Any additional and further relief the Court may deem just and proper under the circumstances.

POTTER ANDERSON & CORROON LLP

By: */s/ Philip A. Rovner*
Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Plaintiff*
*CAP-XX, Ltd.*

OF COUNSEL:

Chris P. Perque
Jason P. Mueller
Michelle Chatelain Fullmer
FISHER BROYLES LLP.
2925 Richmond Ave, Ste. 1200
Houston, TX 77098
(832) 604-4417

Dated: June 30, 2020
6781875