IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAP-XX, LTD., | ) | |
| | ) | |
| Plaintiff and | ) | |
| Counter-defendant, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-1733 (CFC) |
| | ) | |
| MAXWELL TECHNOLOGIES, INC., | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant and | ) | |
| Counter-claimant. | ) | |

**DEFENDANT MAXWELL TECHNOLOGIES, INC.'S**
**FIRST AMENDED ANSWER, DEFENSES, AND COUNTERCLAIMS**

Defendant Maxwell Technologies, Inc. ("Maxwell"), through its undersigned counsel, hereby Amends its answers to the First Amended Complaint of Plaintiff CAP-XX, Ltd. ("CAP-XX") as follows:

To the extent not specifically admitted herein, the allegations of the Amended Complaint are denied.

## RESPONSE TO ALLEGATIONS REGARDING NATURE OF THE ACTION[1]

1. Paragraph 1 contains allegations to which no answer is required. To the extent any response is required, Maxwell admits that the Amended Complaint

[1] For the Court's convenience, Maxwell has generally incorporated the phrasing of section titles that appear in the Amended Complaint. Maxwell does not necessarily agree with the characterizations of such section titles and does not waive any right to object to those characterizations.

filed by Plaintiff purports to state a civil action for patent infringement under the Patent Laws of the United States, 35 U.S.C. §1 *et seq*., including 35 U.S.C. § 271, but denies any grounds therefor. Maxwell denies any remaining allegations in Paragraph 1.

**RESPONSE TO ALLEGATIONS REGARDING PARTIES**

2. Maxwell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 of the Amended Complaint and therefore denies those allegations.

3. Maxwell admits that it is a corporation organized and existing under the laws of Delaware, having a principal place of business at 3888 Calle Fortunada, San Diego, CA, 92123. Maxwell denies any remaining allegations in Paragraph 3 of the Amended Complaint.

**RESPONSE TO ALLEGATIONS REGARDING JURISDICTION AND VENUE**

4. Responding to Paragraph 4 of the Amended Complaint, Maxwell admits that this court has subject matter jurisdiction over the claims asserted in this action, but denies that there are any grounds therefor.

5. Maxwell admits the allegations contained in Paragraph 5 of the Amended Complaint.

**RESPONSE TO ALLEGATIONS REGARDING THE PATENTS-IN-SUIT**

6. Maxwell admits a purported copy of U.S. Patent No. 6,920,034 ("the '034 Patent"), entitled "Charge Storage Device," and bearing, on its face, an issuance date of July 19, 2005, is attached to the Amended Complaint as Exhibit A. Maxwell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 6 of the Amended Complaint and therefore denies those allegations.

7. Maxwell admits a purported copy of U.S. Patent No. 67,382,600 patent ("the '600 Patent"), entitled "Charge Storage Device," and bearing, on its face, an issuance date of June 3, 2008, is attached to the Amended Complaint as Exhibit B. Maxwell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 7 of the Amended Complaint and therefore denies those allegations.

8. Maxwell denies that the '034 Patent and the '600 Patent (collectively, "the Patents-in-Suit") claim features that were novel and patentable improvements over existing devices in December 1998. Maxwell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 8 of the Amended Complaint and therefore denies those allegations.

9. Maxwell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 of the Amended Complaint and therefore denies those allegations.

## RESPONSE TO ALLEGATIONS REGARDING THE FACTS

10. Maxwell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 of the Amended Complaint and therefore denies those allegations.

11. Maxwell denies that it has been making, selling, offering for sale, and/or importing into the United States products that infringe the Patents-in-Suit. Maxwell denies that it had any pre-suit knowledge of infringement of any of the Patents-in-Suit. Maxwell admits that on or about September 12, 2017, Maxwell received a letter from CAP-XX alleging that Maxwell's BCAP3000 P270 K04 product appeared to be covered by at least claim 1 of each of the Patents-in-Suit and offering a license to intellectual property including the Patents-in-Suit. Maxwell admits that Maxwell declined to license the Patents-in-Suit, but denies the implication that such a license was necessary because the Patents-in-Suit are not valid, enforceable, or infringed. Maxwell denies any remaining allegations in Paragraph 11 of the Amended Complaint.

## RESPONSE TO CAP-XX'S PURPORTED FACTS

12. Maxwell admits that it had knowledge of the Patents-in-Suit as of September 12, 2017. Maxwell denies each and every remaining allegation in Paragraph 12 of the Amended Complaint.

13. Maxwell denies each and every allegation in Paragraph 13 of the Amended Complaint.

## RESPONSE TO ALLEGATIONS REGARDING COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,920,034

14. Maxwell restates and incorporates by reference its responses to Paragraphs 1-13 as if fully set forth herein.

15. Maxwell admits that the '034 Patent states in the Background of the Invention section that the "present invention relates to a charge storage device and a method of manufacture thereof." Maxwell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 15 of the Amended Complaint and therefore denies those allegations.

16. Maxwell denies each and every allegation of Paragraph 16 of the Amended Complaint.

17. Maxwell admits that Claim 1 of the '034 Patent recites:

A charge storage device comprising:

a charge storage cell including:

(a) a first electrode;

(b) a second electrode being opposed to and spaced apart from the first electrode; and

(c) a porous separator disposed between the electrodes;

a sealed package for containing the cell and an electrolyte in which the cell is immersed; and

at least two terminals extending from the package to allow external electrical connection to the cell, wherein the volumetric FOM (Figure of Merit) of the device is greater than about 3.2 Watts/$cm^3$ and the maximum operating voltage of the cell is less than about 4 Volts.

18. Maxwell admits that Claim 51 of the '034 Patent recites:

A charge storage device comprising:

a charge storage cell including:

(a) a first electrode;

(b) a second electrode being opposed to and spaced apart from the first electrode; and

(c) a porous separator disposed between the electrodes;

a sealed package for containing the cell and an electrolyte in which the cell is immersed; and

at least two terminals that extend from the package to allow external electrical connection to the respective electrodes, wherein the gravimetric FOM (Figure of Merit) of the device is greater than about 2.1 Watts/gram and the maximum operating voltage of the cell is less than about 4 Volts.

19. Maxwell denies each and every allegation in Paragraph 19 of the Amended Complaint.

20. Maxwell admits that Claim 13 of the '034 Patent recites:

A charge storage device including:

a charge storage cell including:

(a) a first electrode having a first layer including a carbon having a surface area greater than 400 $m^2$/gram;

(b) a second electrode having a second layer including a carbon having a surface area greater than 400 $m^2$/gram; and

(c) a porous separator disposed between the electrodes;

a sealed package for containing the cell and an organic electrolyte in which the cell is immersed, wherein the first and second layers are opposed and spaced apart; and

at least two terminals that extend from the package to allow external electrical connection to the cell, wherein the volumetric FOM

(Figure of Merit) of the device is greater than about 1.1 Watts/$cm^3$ and the maximum operating voltage of the cell is less than about 4 Volts.

21. Maxwell denies each and every allegation in Paragraph 21 of the Amended Complaint.

22. Maxwell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 of the Amended Complaint and therefore denies those allegations.

23. Maxwell denies each and every allegation in Paragraph 23 of the Amended Complaint.

24. Maxwell denies each and every allegation in Paragraph 24 of the Amended Complaint.

**RESPONSE TO ALLEGATIONS REGARDING COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,382,600**

25. Maxwell restates and incorporates by reference its responses to Paragraphs 1-24 as if fully set forth herein.

26. Maxwell admits that the ’600 Patent states in the Background of the Invention section that the “present invention relates to a charge storage device and a method of manufacture thereof.” Maxwell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 26 of the Amended Complaint and therefore denies those allegations

27. Maxwell denies each and every allegation of Paragraph 27 of the Amended Complaint.

28. Maxwell admits that Claim 1 of the '600 Patent recites:

A charge storage device comprising:

a first electrode;

a second electrode being opposed to and spaced apart from the first electrode;

a porous separator disposed between the electrodes;

a sealed package for containing the electrodes, the separator and an electrolyte in which the electrodes are immersed; and

a first terminal and a second terminal being electrically connected to the first electrode and the second electrode respectively and both extending from the package to allow external electrical connection to the respective electrodes, wherein the gravimetric FOM of the device is greater than about 2.1 Watts/gram.

29. Maxwell denies each and every allegation in Paragraph 29 of the Amended Complaint.

30. Maxwell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30 and therefore denies those allegations.

31. Maxwell denies each and every allegation in Paragraph 31 of the Amended Complaint.

32. Maxwell denies each and every allegation in Paragraph 32 of the Amended Complaint.

## RESPONSE TO DEMAND FOR JURY TRIAL

This paragraph sets forth Plaintiff's request for a jury trial to which no response is required.

## RESPONSE TO PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Plaintiff, to which no response is required. To the extent any response is required, Maxwell denies that CAP-XX is entitled to any relief, including the judgment and relief requested in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in its responses to Paragraphs 1 through 32 of the Amended Complaint, and without undertaking any of the burdens imposed by law on the Plaintiff, Maxwell avers and asserts the following separate defenses to the Amended Complaint.

Maxwell expressly reserves the right to allege additional defenses as they become known through the course of discovery.

**FIRST AFFIRMATIVE DEFENSE: NON-INFRINGEMENT**

33. Maxwell does not infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily), any valid, enforceable claim of the ’034 Patent or the ’600 Patent.

**SECOND AFFIRMATIVE DEFENSE: INVALIDITY**

34. One or more claims of the ’034 patent and the ’600 patent are invalid for failure to comply with one or more of the conditions set forth in Title 35 of the United States Code, including, without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, 112 and any other judicially created requirements for patentability and enforceability of patents and the defenses recognized in 35 U.S.C. § 282.

**THIRD AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM**

35. The Amended Complaint fails to state a claim upon which relief may be granted.

**FOURTH AFFIRMATIVE DEFENSE: FAILURE TO STATE AN EXCEPTIONAL CASE**

36. The Amended Complaint fails to state a claim for an exceptional case under 35 U.S.C. § 285.

**FIFTH AFFIRMATIVE DEFENSE: NOTICE, DAMAGES AND COST**

37. Plaintiff's claims for damages are statutorily limited under 35 U.S.C. § 286 and 287. Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

**SIXTH AFFIRMATIVE DEFENSE: NO RIGHT TO INJUNCTIVE RELIEF**

38. Plaintiff is not entitled to injunctive relief, *inter alia*, because any injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate money remedy for any claim that it can prove.

**SEVENTH AFFIRMATIVE DEFENSE: NO PRE-SUIT DAMAGES, FAILURE TO MARK**

39. Plaintiff's claims for pre-suit damages are limited by any noncompliance with marking and actual notice requirements under 35 U.S.C. § 287(a).

**EIGHTH AFFIRMATIVE DEFENSE: UNCLEAN HANDS**

40. Plaintiff's Amended Complaint is barred in whole or in part by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE: INEQUITABLE CONDUCT**

41. The Patents-in-Suit are unenforceable for inequitable conduct as a result of the conduct of one or more of the named inventors of the Patents-in-Suit. The factual basis for the allegations in this paragraph is described below in Maxwell's counterclaims, which are incorporated herein by reference.

**TENTH AFFIRMATIVE DEFENSE: ADDITIONAL DEFENSES**

42. Maxwell reserves the right to present any additional defenses or counterclaims that discovery may reveal.

**COUNTERCLAIMS**

Defendant/Counterclaimant Maxwell Technologies, Inc. ("Maxwell") hereby alleges the following counterclaims against Plaintiff/Counterdefendant CAP-XX, Ltd. ("Counterdefendant" "CAP-XX").

**PARTIES**

1. Defendant/Counterclaimant Maxwell Technologies, Inc. is a corporation organized under the laws of the Delaware with a principal place of business at 3888 Calle Fortunada, San Diego, CA, 92123.

2. On information and belief, and based on Counterdefendant's allegations, Plaintiff/Counterdefendant CAP-XX, Ltd. is an Australian company with a principal place of business at Unit 9, 12 Mars Road, Lane Cove, NSW, 2066, Australia.

**JURISDICTION AND VENUE**

3. Maxwell seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4. The Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202, and 35 U.S.C. § 100, *et seq*.

5. Venue is proper under 28 U.S.C. § 1391, and by Counterdefendant's choice of forum.

6. Counterdefendant has filed in this Court an action to enforce U.S. Patent No. 6,920,034 ("the '034 Patent") and U.S. Patent No. 7,382,600 ("the '600 Patent") against Maxwell.

7. On information and belief, and based on Counterdefendant's allegations, CAP- XX owns the '034 Patent and the '600 Patent (collectively, "the Patents-in-Suit").

8. Maxwell has denied that it has, continues to, or will infringe, induce infringement of, and/or contribute to the infringement of, any valid and enforceable claim of the Patents-in- Suit.

9. Maxwell has further asserted that the Patents-in-Suit are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, 112, and the defenses recognized in 35 U.S.C. § 282(b).

10. In view of the foregoing, a conflict of asserted rights has arisen between the parties with respect to the noninfringement and invalidity of the relevant claims of the Patents-in- Suit. An actual controversy therefore exists between Counterdefendant and Maxwell.

**INEQUITABLE CONDUCT DURING PROSECUTION OF THE PATENTS-IN-SUIT**

11. The ’034 Patent claims priority to U.S. Provisional Application No. 60/110,930 (the “’930 Application”), filed December 5, 1998. The ’600 Patent also claims priority to the ’930 Application.

12. Dr. John R. Miller is the author of a paper entitled “Pulse Power Performance of Electrochemical Capacitors: Technical Status of Present Commercial Devices” (the “Miller Paper”) which was published on December 7, 1998. In the ‘930 Application, the inventors stated that Dr. Miller suggested the gravimetric figure of merit and volumetric figure of merit and that Dr. Miller detailed the calculation of the figures of merit in the Miller Paper.

13. Dr. Miller provided CAP-XX with an advance copy of the Miller Paper before it was published.

14. The ’930 Application was filed after receiving the Miller Paper and two days before the Miller Paper was published. The ’930 Application includes material from the Miller Paper related to the calculation of gravimetric and volumetric figures of merit and incorporates by reference the Miller Paper in its entirety.

15. The non-provisional applications that led to the Patents-in-Suit also include material from the Miller Paper related to the calculation of gravimetric and volumetric figures of merit and also incorporate by reference the Miller Paper in its

entirety. The claims in the Patents-in-Suit include limitations specifically directed to gravimetric and volumetric figures of merit.

16. The concepts, testing and analysis reported in the Miller Paper constituted a significant inventive contribution to the inventions claimed in the Patents-in-Suit. Dr. Miller was not identified as an inventor during prosecution of the applications that led to the Patents-in-Suit.

17. Each of the named inventors of the Patents-in-Suit signed a declaration indicating that he reviewed and understood the contents of the specification and claims, and was a joint inventor of the subject matter claimed.

18. The named inventors of the Patents-in-Suit and their attorneys had a duty of candor to the PTO.

19. On information and belief, the named inventors of the Patents-in-Suit and their attorneys knew about the Miller Paper, and knew that Dr. Miller had made a significant inventive contribution to the claims of the Patents-in-Suit by way of the concepts, testing and analysis in the Miller Paper.

20. On information and belief, the named inventors of the Patents-in-Suit and their attorneys failed to identify Dr. Miller as a co-inventor of the Patents-in-Suit with deceptive intent.

21. The information that the named inventors of the Patents-in-Suit and their attorneys intentionally concealed from and did not identify to the PTO was material to the issuance of the Patents-in-Suit.

22. But for the failure of the named inventors of the Patents-in-Suit and their attorneys to identify Dr. Miller as a co-inventor of the Patents-in-Suit, the Patents-in-Suit would not have issued.

23. The Patents-in-Suit were procured through inequitable conduct before the PTO and are therefore unenforceable.

## FIRST COUNTERCLAIM – DECLARATION OF NONINFRINGEMENT OF THE ’034 PATENT

24. Maxwell realleges Paragraphs 1-10 as if set forth fully herein.

25. Maxwell does not infringe and has not infringed, either directly or indirectly, any valid and enforceable claim of the ’034 Patent, either literally or under the doctrine of equivalents.

26. Maxwell is entitled to a declaratory judgment that the sale, offer for sale, manufacture, importation, or use of its products does not infringe, and has not infringed, any valid and enforceable claim of the ’034 Patent.

## SECOND COUNTERCLAIM – DECLARATION OF PATENT INVALIDITY OF THE ’034 PATENT

27. Maxwell realleges Paragraphs 1-10 as if set forth fully herein.

28. One or more claims of the ’034 Patent are invalid for failure to satisfy one or more of the provisions set forth in 35 U.S.C. §§ 101 et seq., including, without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, 112 and/or in view of the defenses recognized in 35 U.S.C. § 282(b), and/or one or more of the judicially created requirements for patentability.

29. Maxwell is entitled to a judicial declaration that one or more claims of the ’034 Patent are invalid.

**THIRD COUNTERCLAIM – DECLARATION OF NONINFRINGEMENT OF THE ’600 PATENT**

30. Maxwell realleges Paragraphs 1-10 as if set forth fully herein.

31. Maxwell does not infringe and has not infringed, either directly or indirectly, any valid and enforceable claim of the ’600 Patent, either literally or under the doctrine of equivalents.

32. Maxwell is entitled to a declaratory judgment that the sale, offer for sale, manufacture, importation, or use of its products does not infringe, and has not infringed, any valid and enforceable claim of the ’600 Patent.

**FOURTH COUNTERCLAIM – DECLARATION OF PATENT INVALIDITY OF THE ’600 PATENT**

33. Maxwell realleges Paragraphs 1-10 as if set forth fully herein.

34. One or more claims of the ’600 Patent are invalid for failure to satisfy one or more of the provisions set forth in 35 U.S.C. §§ 101 et seq., including,

without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, 112 and/or in view of the defenses recognized in 35 U.S.C. § 282(b), and/or one or more of the judicially created requirements for patentability.

35. Maxwell is entitled to a judicial declaration that one or more claims of the ’600 Patent are invalid.

**FIFTH COUNTERCLAIM – DECLARATION OF PATENT UNENFORCEABILITY OF THE ’034 PATENT**

36. Maxwell realleges Paragraphs 1-23 as if set forth fully herein.

37. The named inventors of the ’034 Patent and their attorneys misrepresented the inventorship of the ’034 Patent to the Patent and Trademark Office and did so with an intent to deceive as discussed above.

38. As a result of the actions of the named inventors of the ’034 Patent and their attorneys, the ’034 Patent is unenforceable for inequitable conduct.

39. Maxwell is entitled to a judicial declaration that the ’034 Patent is unenforceable.

**SIXTH COUNTERCLAIM – DECLARATION OF PATENT UNENFORCEABILITY OF THE ’600 PATENT**

40. Maxwell realleges Paragraphs 1-23 as if set forth fully herein.

41. The named inventors of the ’600 Patent and their attorneys misrepresented the inventorship of the ’600 Patent to the Patent and Trademark Office and did so with an intent to deceive as discussed above.

42. As a result of the actions of the named inventors of the ’600 Patent and their attorneys, the ’600 Patent is unenforceable for inequitable conduct.

43. Maxwell is entitled to a judicial declaration that the ’600 Patent is unenforceable.

**PRAYER FOR RELIEF**

WHEREFORE, Maxwell requests the following relief:

A. That the Court order the Amended Complaint dismissed with prejudice and judgment be entered in favor of Maxwell;

B. That a judgment be entered declaring that the manufacture, import, use, sale, and/or offer to sell Maxwell’s products has not infringed, does not and will not infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily) any valid, enforceable claim of U.S. Patent No. 6,920,034 or U.S. Patent No. 7,382,600;

C. That judgment be entered declaring the claims of U.S. Patent No. 6,920,034 and U.S. Patent No. 7,382,600 invalid;

D. That judgment be entered declaring U.S. Patent No. 6,920,034 and U.S. Patent No. 7,382,600 unenforceable;

E. That a judgment be entered declaring that this action is an exceptional case within the meaning of 35 U.S.C. § 285, and that Maxwell is therefore entitled to recover its reasonable attorneys’ fees;

F. That Maxwell be awarded costs, attorneys' fees, and other relief, both legal and equitable, to which it may be justly entitled; and

G. That Maxwell be awarded such other and further relief as is just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38 and Local Rule 38.1, Defendant/ Counterclaimant Maxwell Technologies, Inc. hereby demands a trial by jury on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Defendant Maxwell Technologies, Inc.*

OF COUNSEL:

Michael K. Friedland
Lauren Keller Katzenellenbogen
Cheryl T. Burgess
KNOBBE MARTENS OLSON & BEAR LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
(949) 760-0404

Kimberly A. Kennedy
KNOBBE MARTENS OLSON & BEAR LLP
333 Bush Street, 21st Floor
San Francisco, CA 94104
(415) 954-4114

July 21, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 21, 2020, upon the following in the manner indicated:

Philip A. Rovner, Esquire *VIA ELECTRONIC MAIL*
Jonathan A. Choa, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
*Attorneys for Plaintiff*

Michelle Chatelain Fullmer, Esquire *VIA ELECTRONIC MAIL*
Adams and Reese LLP
701 Poydras Street, Suite 4500
New Orleans, LA 70139
*Attorneys for Plaintiff*

Jason P. Mueller, Esquire *VIA ELECTRONIC MAIL*
Chris P. Perque, Esquire
FISHERBROYLES, LLP
2925 Richmond Ave., Suite 1200
Houston, TX 77098
*Attorneys for Plaintiff*

Maia T. Woodhouse, Esquire
Adams and Reese LLP
Fifth Third Center
424 Church Street, Suite 2700
Nashville, TN 37219
*Attorneys for Plaintiff*

*VIA ELECTRONIC MAIL*

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)