## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CAP-XX, LTD.,                    )
                                 )
            Plaintiff,           )
                                 )        C.A. No. 19-1733 (CFC)
      v.                         )
                                 )
MAXWELL TECHNOLOGIES INC.,)
                                 )
            Defendant.           )
_____)

## REPLY BRIEF IN SUPPORT OF MAXWELL'S MOTION FOR
## SUBSTITUTION OF EXPERTS AND CONTINUANCE OF TRIAL

FISH & RICHARDSON P.C.
Susan E. Morrison (#4690)
Grayson P. Sundermeir (#6517)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
morrison@fr.com; sundermeir@fr.com

Daniel R. Gopenko
1000 Maine Avenue, SW
Suite 1000
Washington, DC 20024
gopenko@fr.com

Aamir A. Kazi
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
kazi@fr.com

Matthew Colvin
1717 Main Street, Suite 5000
Dallas, Texas 75201
colvin@fr.com

## **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................1

II.   ARGUMENT......................................................................................................1

III.  CONCLUSION...................................................................................................4

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Synygy, Inc. v. ZS Assocs., Inc.*,
    No.. 07-cv-3536, 2015 WL 4578807 (E.D. Pa. July 30, 2015)............................4

## I.    INTRODUCTION

CAP-XX's only objection to Maxwell's proposed expert substitution—as opposed to CAP-XX's pre-existing *Daubert* motion—is alleged added unreliability introduced by the replacement.  CAP-XX's position suggests that, if Mr. Hruska is forced to adopt Dr. Miller's positions verbatim, CAP-XX will unfairly take advantage of Dr. Miller's passing to impeach Maxwell's expert, thus unfairly prejudicing Maxwell for a circumstance that was out of its control.  This leaves the parties and this Court with only one reasonable option for proceeding: continue the trial to permit Maxwell to substitute its expert and issue a new report.  CAP-XX cites no prejudice and makes no objection to the length of Maxwell's proposed extension. The Court should therefore grant Maxwell's motion.

## II.    ARGUMENT

Dr. Miller's sudden passing should not deprive Maxwell the opportunity to present its full case at trial.  In the wake of Dr. Miller's passing, the question is how to present the substance of Maxwell's Niu/Shimada obviousness theory in a way that avoids prejudice to both sides.

The first option proposed by Maxwell was to have Mr. Hruska adopt the report of Dr. Miller and continue with the trial as scheduled.  CAP-XX declined. CAP-XX says its objections to this proposal are "substantive, not procedural." (*See* D.I. 262 at 4 ("CAP-XX represented that it would waive any need for a

1

supplemental report if Maxwell had Mr. Hruska adopt Dr. Miller's report verbatim. CAP-XX made clear to Maxwell that its objections were substantive, not procedural[.]").)  CAP-XX also insists, however, that any expert adopting Dr. Miller's report will render the opinions "even more unreliable." (*Id*. at 3-4.) Whether categorized as procedural or substantive, the fact remains that CAP-XX objects to this option based on the reliability of the proposed testimony.  CAP-XX offers little specificity, and its grounds of added "unreliab[ility]" are not the subject of any CAP-XX motion before this Court.  Regardless, CAP-XX's objections preclude agreement on this first option.

The second option is to have an expert submit a new report on the same invalidity grounds—the combination of Niu plus Shimada. (*See* D.I. 260 at 4 ("Maxwell is not seeking to advance new invalidity theories—a substitute expert would opine on the same grounds Dr. Miller provided and CAP-XX's expert already responded to.").)  Maxwell's replacement expert would opine on the same grounds as Dr. Miller's reports but based on that expert's knowledge and experience, rather than from the perspective of the knowledge and experience of Dr. Miller.  Doing so would appear to obviate CAP-XX's substantive objections to a new expert simply adopting Dr. Miller's report. (*See* D.I. 262 at 3-4.)  However, even if the new report is from Mr. Hruska, the parties agree that this option requires a continuance of the trial date. (*Id*. at 1 ("[I]f Mr. Hruska is permitted to

2

issue his own report, the trial will have to be continued").)  Maxwell offered this solution too.  Again, CAP-XX refused.

Regarding this second option, the basis of CAP-XX's objection is unclear. CAP-XX says nothing of any prejudice to moving the trial date.  It takes no issue with the length of Maxwell's proposed continuance.

The remainder of CAP-XX's opposition is an attempt to bolster its *Daubert* motion against Dr. Miller's report.  CAP-XX seeks to preclude Mr. Hruska from offering opinions on the references in Dr. Miller's report with a vague argument that Mr. Hruska's adoption of Dr. Miller's opinion would introduce new, unidentified points of unreliability.  But Maxwell has no way to effectively respond to that vague argument; nor is it an issue that needs to be resolved with this motion.  Because a *Daubert* motion is a motion to exclude an expert from offering a specific opinion, and because Dr. Miller is no longer able to offer any opinion at trial and CAP-XX is refusing to allow Mr. Hruska to adopt that opinion, CAP-XX's *Daubert* motion is moot.  The most effective way for the Court to evaluate any objection CAP-XX may have to Mr. Hruska offering opinions on the issues in Dr. Miller's report is to allow Maxwell to serve such a report on CAP-XX, and then CAP-XX may file any motion it deems necessary.

CAP-XX's objections thus force one result.  The Court should allow Maxwell to substitute experts and issue a new report.  An orderly replacement

process will remove any further objection to the reliability of the expert testimony and places Maxwell "in the same position it would have been in but for the need to change experts." *Synygy, Inc. v. ZS Assocs., Inc.*, No.. 07-cv-3536, 2015 WL 4578807, at *3 (E.D. Pa. July 30, 2015).  It also does not prejudice CAP-XX.  The Court should therefore grant the substitution of experts and a brief continuance of trial.

## III.    CONCLUSION

Maxwell respectfully requests the Court order that the parties submit a proposed schedule within three (3) days that allows for Maxwell to substitute its expert in a reasonable time period and proceed efficiently to trial within sixty (60) days.

4

Dated:  July 6, 2023                    FISH & RICHARDSON P.C.


                                         By: */s/ Grayson P. Sundermeir*
                                              Susan E. Morrison (#4690)
                                              Grayson P. Sundermeir (#6517)
                                              222 Delaware Avenue, 17th Floor
                                              Wilmington, DE 19801
                                              (302) 652-5070
                                              morrison@fr.com
                                              sundermeir@fr.com

                                              Daniel R. Gopenko
                                              FISH & RICHARDSON P.C.
                                              1000 Maine Avenue, SW
                                              Suite 1000
                                              Washington, DC 20024
                                              (202) 626-7745
                                              gopenko@fr.com

                                              Aamir A. Kazi
                                              FISH & RICHARDSON P.C.
                                              1180 Peachtree Street NE
                                              21st Floor
                                              Atlanta, GA 30309
                                              (404) 724-2811
                                              kazi@fr.com

                                              Matthew Colvin
                                              FISH & RICHARDSON P.C.
                                              1717 Main Street
                                              Suite 5000
                                              Dallas, Texas 75201
                                              (214) 292-4013
                                              colvin@fr.com

                                         *Attorneys for Defendant*
                                         *MAXWELL TECHNOLOGIES, INC.*


                                              5

## **WORD COUNT CERTIFICATION**

The undersigned counsel hereby certifies that the foregoing document contains 816 words, which were counted by using the word count feature in Microsoft Word, in 14-point Times New Roman font. The word count includes only the body of the foregoing document. The word count does not include the cover page, tables of contents and authorities, or the counsel blocks.

*/s/ Grayson P. Sundermeir*
Grayson P. Sundermeir (#6517)