IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAP-XX, LTD., <br><br> Plaintiff, <br><br> v. <br><br> MAXWELL TECHNOLOGIES INC., <br><br> Defendant. | Civil Action No. 19-1733-CFC |

## MEMORANDUM ORDER

Pending before me is Defendant Maxwell Technologies Inc.'s Motion to Exclude the Opinions of Gregory A. Pinsonneault. D.I. 140. Maxwell seeks to exclude Mr. Pinsonneault's Royalty Base Scenarios 1 and 2 as they pertain to 35 U.S.C. § 271(a)[1] under Federal Rule of Evidence 702 because they are "untethered from the facts of the case." D.I. 141 at 6. Royalty Base 1, as described in Mr. Pinsonneault's expert report, consists of "[a]ll sales of all Accused Products." D.I. 168-11 at 109. And Royalty Base 2 consists of "[s]ales to U.S. customers of Accused Products manufactured in Korea, *all sales* of Accused

---

[1] Maxwell's motion also addresses 35 U.S.C. § 271(f). The parties have stipulated, however, that this part of the motion is denied. D.I. 254 ("With respect to Maxwell's Motion to Exclude the Opinions of Gregory A. Pinsonneault (D.I. 140) ... [t]he Parties agree this motion is denied with respect to 35 U.S.C. § 271(f)."). I will therefore deny this motion in part as it pertains to § 271(f).

Products manufactured in the U.S. *and China*." D.I. 168-11 at 109 (emphasis added). Maxwell argues that Mr. Pinsonneault erred by including in these damages bases "product sales (in this case, foreign sales) that are not subject to CAP-XX's infringement allegations," i.e., that are not tied to CAP-XX's activities in the United States.[2] D.I. 141 at 8.

CAP-XX responds that "[s]ufficient facts support Mr. Pinsonneault's inclusion of sales to foreign customers as sales made in the U.S. or arising from offers for sale made in the U.S." D.I. 167 at 2–3. CAP-XX supports this statement by citing (1) deposition testimony of Maxwell's Rule 30(b)(6) witness Hrvoje Zupanovic and (2) a document labeled "Purchase Order Agreement" and dated November 2, 2016. D.I. 167 at 4–6. Mr. Zupanovic's deposition testimony describes CAP-XX's interactions with its foreign customers at CAP-XX's San Diego facility as well as CAP-XX's general business practices. *See* D.I. 167 at 4–6. CAP-XX relies on the Purchase Order Agreement to show a connection between Maxwell's sales to foreign customers and United States law (e.g., "Maxwell's Terms were governed by California law, and any actions to enforce the Terms had to be brought in California."). *See* D.I. 167 at 6.

---

[2] CAP-XX does not challenge in this motion Mr. Pinsonneault's "Royalty Base Scenario 3: Sales to U.S. customers of Accused Products manufactured in Korea and China, all sales of Accused Products manufactured in the U.S." D.I. 168-11 at 109.

Rule 702 provides that

> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. It "embodies a trilogy of restrictions on expert testimony: qualification, reliability and fit." *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003) (citations omitted). Regarding "fit," the Third Circuit explained in *Schneider*, "Rule 702 requires that the expert testimony must fit the issues in the case. In other words, the expert's testimony must be relevant for the purposes of the case and must assist the trier of fact. *Id.* (internal quotation marks and citations omitted).

Here, Royalty Base Scenarios 1 and 2 are not sufficiently relevant to the issues in the case and would not assist the trier of fact because CAP-XX does not proffer evidence that "[a]ll sales of all Accused Products," including sales to foreign customers of products manufactured abroad, or "all sales of Accused Products manufactured in . . . China," *see* D.I. 168-11 at 109, infringed and therefore should be included in the royalty base. All CAP-XX's proffered evidence establishes is that Maxwell had a sales team based in the U.S. that had

3

contact with Maxwell's foreign customers. *See* D.I. 168-5 at 51 (Zupanovic Tr. 27:12–22). Mr. Zupanovic testified that Maxwell had some sales meetings in San Diego for its foreign customers but that those meetings were "not too frequent." D.I. 168-5 at 51 (Tr. 27:12–22). In the portions of his deposition testimony cited by CAP-XX, he did not testify whether these meetings occurred during the damages period, whether all of Maxwell's foreign customers engaged in sales meetings in the United States, or whether all of Maxwell's foreign customers who bought Accused Products manufactured in China engaged in sales meetings in the United States. Absent such testimony, Mr. Zupanovic's deposition cannot support a damages base that includes all of Maxwell's sales to foreign customers during the damages period (base 1) and all of Maxwell's sales to foreign customers during the damages period of products manufactured in China (base 2).

The Purchase Order Agreement is dated prior to the damages period, so it is of dubious relevance. In any event, even if it did prove that Maxwell based its agreements on California law and required that contract disputes be litigated in California, this would not provide a basis for including in the royalty base all of the sales to foreign customers that are included in bases 1 and 2. CAP-XX does not explain how the governing law shows where offers of sale or sales were made.

Accordingly, I find that Mr. Pinsonneault's testimony regarding Royalty Base Scenarios 1 and 2 does not fit the issues in the case. I will therefore grant

4

Maxwell's motion to exclude that testimony under Rule 702 as it pertains to § 271(a).

NOW THEREFORE, at Wilmington this Tenth day of July in 2023, **IT IS HEREBY ORDERED** that Defendant Maxwell Technologies Inc.'s Motion to Exclude the Opinions of Gregory A. Pinsonneault (D.I. 140) is **GRANTED IN PART** and **DENIED IN PART**. The motion as it pertains to 35 U.S.C. § 271(a) is granted, and the motion as it pertains to 35 U.S.C. § 271(f) is denied.

_____
CHIEF JUDGE