## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAP-XX, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-1733-JLH |
| | ) | |
| MAXWELL TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## THE COURT'S PROPOSED VOIR DIRE

Good morning, ladies and gentlemen.  My name is Judge Hall, and I will be presiding over the trial for which a jury is about to be selected in the case captioned *CAP-XX Ltd. v. Maxwell Technologies, Inc*.

For those of you selected to serve as jurors, I will give you more detailed instructions once you are sworn in as jurors and again at the conclusion of the trial.  For now, I will simply tell you that this is a patent infringement lawsuit involving supercapacitors, also known as electrochemical double layer supercapacitors or simply EDLCs.  An EDLC is an electrical component used in electronic devices to store and release electric charge.  The Plaintiff, CAP-XX, is an Australian company that designs, manufactures, and sells EDLCs.  The Defendant, Maxwell, is a San Diego-based company that designs, manufactures, and sells EDLCs.  CAP-XX claims that Maxwell sold EDLCs that infringe certain

of CAP-XX's patent claims.  Maxwell denies that it has infringed these patent claims and asserts that the patent claims are invalid.

This trial is expected to take up to five (5) days.  I time my trials, so the attorneys must complete their trial presentations within these limits.  However, jury deliberations may require you to be present longer than the scheduled five (5) days.  Our trial days after today will run approximately from 9:00 a.m. to 4:30 p.m.  Typically, the schedule will include a morning break of fifteen minutes, a lunch break of up to an hour, and an afternoon break of fifteen minutes.

I will now ask you certain questions, the purpose of which is to: (1) enable the Court to determine whether any prospective juror should be excused for cause; and (2) enable counsel for the parties to exercise their individual judgment with respect to peremptory challenges, that is, challenges for which no reason need be given by counsel.  You all have a printed copy of these questions and a pen.  If your answer is "yes" to any question, please take your pen and check next to the number of that question.  After I finish reading all the questions, you will be asked in order if you answered "yes" to any questions.  If so, the lawyers and I will ask you to come back into a jury room to discuss your answers more privately.

Now my Deputy will administer the oath because it is important that you answer these questions truthfully.

1.      Does the schedule that I described present any significant difficulties for you?

2.      Do you have any personal knowledge of this case, or have you read or heard anything about this case other than what I have told you today?

3.      Have you or a member of your immediate family such as a spouse, child, parent, or sibling ever worked for, owned stock in, or had a business relationship with, any of the following companies:

- CAP-XX Ltd.

- Maxwell Technologies, Inc

- Tesla, Inc.

4.      Have you or a member of your immediate family had any experience with the products of any of those companies or otherwise have any strong feelings toward any of these companies?

5.      I will now read to you a list of the law firms and attorneys involved in this litigation.

- Fish & Richardson P.C.

- FisherBroyles, LLP

- Potter Anderson & Corroon LLP

- Adam Yowell

- Alastair Warr

- Phil Rovner

- Ruffin Cordell

- Aamir Kazi

- Susan Morrison

- Matt Colvin

- Grayson Sundermeir

Do you know any of these attorneys or law firms?

6.    Have you, your immediate family members, or people close to you had any business dealings with, or been employed by, any of these attorneys or law firms?

7.    I will now read to you a list of the individuals who might appear as witnesses in this case.

- Alex Bilyk

- Mike Taylor

- David Zuckerbrod

- Greg Pinsonneault

- Peter Mahon

- Priya Bendale

- Jeff Bouchard

- Louis Hruska

4

- John Miller

- Carrie Distler

- Hrvoje Zupanovic

Do you know any of these potential witnesses?

8.     Have you ever been educated, employed, trained, or had any experience in any of the following fields: physics, chemistry, engineering, law, patents, accounting, or economics?

9.     Does any member of your immediate family, or anyone else close to you, work in the legal profession in any capacity?

10.    Have you ever been a plaintiff, a defendant, or a witness in a civil lawsuit?

11.    Have you ever served as a juror in a lawsuit?

12.    Have you ever had any experience with the legal system that might keep you from being a fair and impartial juror?

13.    Have you or a member of your immediate family or close friends ever been employed by or had any other contact with the United States Patent and Trademark Office?

14.    Do you have any strong opinions about patents, patent rights, or the United States Patent and Trademark Office?

15.     Do you have any knowledge about or experience with patents, including applying for a patent, or a dispute about patent rights, whether it is personal experience or an experience of an immediate family member or anyone else close to you?

16.     Have you ever been involved in the development or invention of a new product or process at a company?

17.     Is there anything, such as poor vision, difficulty hearing, or difficulty understanding spoken or written English, that would make it difficult for you to serve on this jury?

18.     If you are selected to sit as a juror in this case, are you aware of any reason why you would not be able to follow the law as I give it to you or render a verdict based solely on the evidence presented at trial?

19.     Having heard the questions put to you by the Court, do you know of any other matter which you believe should be called to the Court's attention as having some bearing upon your qualifications or ability to sit as a juror, or which you think may prevent you from rendering a fair and impartial verdict based solely upon the evidence and my instructions as to the law?