IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAP-XX, LTD., | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) C.A. No. 19-1733-JLH <br> ) |
| MAXWELL TECHNOLOGIES, INC., | ) <br> ) |
| Defendant. | ) <br> ) |

**JUDGMENT FOLLOWING VERDICT**

The jury having deliberated on Plaintiff CAP-XX, Ltd.'s claims of patent infringement of claims 12, 16, 17, 22, 43, 48–51, and 62 of U.S. Patent No. 6,920,034 (the "'034 Patent") and claims 8 and 9 of U.S. Patent No. 7,382,600 (the "'600 Patent") (collectively, the "asserted claims"), and the jury having reached a verdict on December 15, 2023, finding that Defendant Maxwell Technologies, Inc.'s accused products do not infringe the asserted claims, judgment of non-infringement of the asserted claims is entered in favor of Defendant and against Plaintiff.  The jury having further deliberated on Defendant Maxwell Technologies, Inc.'s affirmative defense of obviousness of the asserted claims, and the jury having reached a verdict finding that claims 43 and 48–50 of the '034 Patent are obvious, judgment is entered in favor of Defendant and against Plaintiff that claims 43 and 48–50 of the '034 Patent are invalid as obvious.  The jury also having deliberated on Defendant's affirmative defense of indefiniteness of the asserted claims, and the jury having reached a verdict finding that the asserted claims are indefinite, judgment is entered in favor of Defendant and against Plaintiff that the asserted claims are invalid as indefinite.  The jury also having deliberated on Defendant's affirmative defense of non-enablement of the asserted claims, and the jury having reached a verdict finding that claims 12, 16, 17, 22, 51, and 62 of the

'034 Patent and claims 8 and 9 of the '600 Patent are not enabled, judgment is entered in favor of Defendant and against Plaintiff that claims 12, 16, 17, 22, 51, and 62 of the '034 Patent and claims 8 and 9 of the '600 Patent are invalid as not enabled. The jury also having deliberated on Defendant's affirmative defense of lack of written description of the asserted claims, and the jury having reached a verdict finding that Defendant failed to prove that the asserted claims are invalid for lack of a sufficient written description, judgment is entered in favor of Plaintiff that the asserted claims are not invalid for lack of a sufficient written description. The jury also having deliberated on Defendant's affirmative defense of improper inventorship of the '034 Patent and the '600 Patent, and the jury having reached a verdict finding those patents failed to name the correct inventors, judgment is entered in favor of Defendant and against Plaintiff that the '034 Patent and the '600 Patent are invalid for failure to name the correct inventors.

This judgment shall have the effect of denying as moot all other pending motions made by the parties pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. The judgment is subject to modification following the Court's consideration of the parties' post-trial motions.

The deadline for any party to move for costs and attorney's fees (including under 35 U.S.C. § 285) is extended to within fourteen days after the time for appeal has expired or within fourteen days after issuance of the mandate from the appellate court, and no party shall file any such motion before that time.

IT IS SO ORDERED this 27th day of December, 2023.

_____
The Honorable Jennifer L. Hall
United States Magistrate Judge